# 24-1636

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**JOSE FRANCISCO DELGADO CORO,
MARIA LUZMILA SISA SISA,
INGRID LISBETH DELGADO SISA,
ANDREUS YOEL DELGADO SISA,**
Petitioners

**V.**

**MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,**
Respondent

**PETITION FOR REVIEW
OPENING BRIEF FOR PETITIONER**

**Reuben S. Kerben, Esq.
Kerben Law Firm, P.C.
80-02 Kew Gardens Rd., Ste. 307
Kew Gardens, NY 11415
Tel: (718) 255-8585
Fax: (718) 355-9394**

/s/Reuben S. Kerben, Esq.

# TABLE CONTENTS

**Page**

I. JURISDICTIONAL STATEMENT ...........................................................4

II. STATEMENT OF THE ISSUES........................................................4

III. STATEMENT OF THE CASE ........................................................5

IV. SUMMARY OF THE ARGUMENT ..................................................6

V. ARGUMENT ...................................................................................6

VI. CONCLUSION ..............................................................................9

VII. ADDENDUM .............................................................................11

VIII. BIA DENIAL DECISION..........................................................30

<u>**TABLE OF AUTHORITIES**</u>                    <u>**Page**</u>

<u>**STATUTES**</u>

INA § 208, 8 U.S.C. § 1158 (2012) ....................................................... 4, 5, 9

INA § 241(b)(3), 8 U.S.C. § 1231(b)(3) ................................................ 4, 5

INA § 242(a)(1), 8 U.S.C. §1252(a)(1)................................................... 4

<u>**REGULATIONS**</u>

8 C.F.R. §1208.13(b)(1) ........................................................................ 6, 8-9

8 C.F.R. §§ 1208.16(c)-1208.18 ........................................................... 4, 5

<u>**CASES**</u>

<u>Weng v. Holder</u>, 562 F.3d 510 (2d Cir.2009) ....................................... 4

<u>Wu Lin v. Lynch</u>, 813 F.3d 122 (2d Cir. 2016) ..................................... 4

<u>**AGENCY DECISIONS**</u>

<u>Matter of M-Z-M-R-</u>, 26 I&N Dec. 33 to 35 (BIA 2012)...................... 7

## I.     JURISDICTIONAL STATEMENT

This is a petition for review of a final order of the Board of Immigration Appeals ("BIA") dated May 29, 2024, affirming the immigration judge's denial of Petitioner's applications for asylum under section 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158 (2012), withholding of removal pursuant section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c)-1208.18. Because this is a question of law, judicial review of such a final order of removal is by way of petition for review found at INA §242(a)(1), 8 U.S.C. §1252(a)(1). The Court reviews de novo questions of law and the BIA's application of law to undisputed fact. Weng v. Holder, 562 F.3d 510, 513 (2d Cir.2009). The Court reviews de novo questions of whether the BIA erred in applying a clearly erroneous standard of review. Wu Lin v. Lynch, 813 F.3d 122 (2d Cir. 2016). The Petition of Review was timely filed on June 21, 2024.


## II.    STATEMENT OF THE ISSUES

A. Whether the Board erred in affirming that Petitioner would be able to safely relocate within Ecuador.

4

B.  Whether the Board erred in affirming that Petitioner's harm does not rise to a level eligible for humanitarian asylum.

## III.  <u>STATEMENT OF THE CASE</u>

Lead Petitioner Jose Francisco Delgado Coro, his wife, Co-Petitioner Maria Luzmila Sisa Sisa, and their children, Co-Petitioners Ingrid Lisbeth Delgado Sisa and Andreus Yoel Delgado Sisa, are natives and citizens of Ecuador. (A.R. 34-35). Lead Petitioner and his wife, Co-Petitioner Maria Luzmila Sisa Sisa, applied for asylum under section 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158 (2012), withholding of removal pursuant section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c)-1208.18. <u>Id.</u> Both applications are based on the same claims. Co-Petitioners Ingrid and Andreus are derivative beneficiaries on their asylum applications. <u>Id.</u>

On February 8, 2023, the immigration judge denied Petitioners' applications. (A.R. 48).

Petitioner timely appealed the immigration's judge's denial to the Board of Immigration Appeals. (A.R. 3).

On May 29, 2024, the Board of Immigration Appeals affirmed the immigration judge's denial of Petitioners' applications without opinion and dismissed Petitioners' appeal. <u>Id.</u>

This Petition for Review was then timely filed requesting that this Honorable Court review the BIA's denial of Petitioner's application for asylum and withholding of removal.

## IV.  SUMMARY OF THE ARGUMENT

Petitioner's appeal should be granted because:

A. The Board in affirming that Petitioner would be able to safely relocate within Ecuador.

B. The Board erred in affirming that Petitioner's harm does not rise to a level eligible for humanitarian asylum.

## V.  ARGUMENT

### A. The Board erred in affirming that Petitioner would be able to safely relocate within Ecuador.

The Board affirmed the immigration judge's finding that Petitioner could have safely relocated within Ecuador. (A.R. 3, 41-42).

Where an applicant has shown past persecution, the DHS must demonstrate that there is a specific area of the country where the risk of persecution falls below the well-founded fear level. See 8 C.F.R. §1208.13(b)(1)(ii). It is the burden of DHS to show by a preponderance of the evidence that there is an area to which Petitioner could safely relocate. Id. Here, the government provided no evidence that Petitioner could safely relocate as required by 8 C.F.R. §1208.13(b)(1)(ii). The court also erred in

6

placing the burden on Petitioner to show that she could not relocate. (D. 8, stating, "[T]he court does place the burden on the respondent here to show that the respondent could relocate by a preponderance of the evidence.")

Internal relocation is analyzed in two parts. One, the applicant's ability to relocate; and two, the reasonableness of relocation within a country. See Matter of M-Z-M-R-, 26 I&N Dec. 33 to 35 (BIA 2012). In Matter of M-Z-M-R-, the Board stated that for an applicant to be able to internally relocate safely, there must be an area of the country where he or she has no well-founded fear of persecution. While the immigration judge found that Petitioner would be able to relocate to Chimborazo to be "safe," Petitioner testified that she was still robbed for being indigenous while she lived there. (A.R. 251-252):

> MR. GOLDBERG TO MS. SISA SISA
>
> I'm going to repeat. When -- you said that -- I asked if you went back and forth 23 between 2019 and 2021 and you said -- to Guayaquil and you said yes.
>
> MS. SISA SISA TO MR. GOLDBERG
> Yes.
>
> MR. GOLDBERG TO MS. SISA SISA
> And, during that time, did you try to sell fruit?
>
> MS. SISA SISA TO MR. GOLDBERG
> No, not anymore.
>
> ***

> MR. GOLDBERG TO MS. SISA SISA
> Why did you not continue to sell fruit?
>
> MS. SISA SISA TO MR. GOLDBERG
> Because they robbed me a lot and, because I was indigenous, I didn't
> get any help, so I decided not to sell anymore

While it is true that Petitioner said "Yes," when asked if she would be safe if she lived in Chimborazo, it is clear that she would still suffer persecution there. She mentioned that she would not be able to work in Chimborazo (A.R. 207), but it is clear that the persecution played a large role in that based on her explanation that she was often robbed until she could no longer sell fruit there. (A.R. 251-252).

Where an applicant has shown past persecution, the DHS must demonstrate that there is a specific area of the country where the risk of persecution falls below the well-founded fear level. See 8 C.F.R. §1208.13(b)(1)(ii). It is the burden of DHS to show by a preponderance of the evidence that there is an area to which Petitioner could safely relocate. Id. Here, the government provided no evidence that Petitioner could safely relocate as required by 8 C.F.R. §1208.13(b)(1)(ii).

## B. The Board erred in affirming that Petitioner's harm does not rise to a level eligible for humanitarian asylum.

Pursuant 8 C.F.R. § 1208.13(b)(1)(iii)(A) or (B), humanitarian asylum is available to applicants who have demonstrated past persecution, but

whose presumption of a well-founded fear has been rebutted. Humanitarian asylum is warranted when applicant has "compelling reasons," arising out of the severity of the past persecution, for being unable or unwilling to return to her country.

Here, Petitioners have compelling reasons for being unwilling to return to Ecuador. They have suffered a lifetime of discrimination and persecution which is not alleviated by a few years of limited relief in Chimborazo. Regarding that limited relief, as explained above, even in Chimborazo, they continued to suffer robberies until they were no longer able to sell fruit to support the family. (A.R. 251-252). They would not be able to survive in Ecuador, which is a compelling reason for being unwilling to return.

## VI.  **CONCLUSION**

For the reasons argued herein, it is respectfully requested that this Court grant this petition for review, vacate the decision of the Board of Immigration Appeals, and grant Petitioner's application for relief or, in the alternative, remand the case to the Board of Immigration Appeals for a full review.


Dated:  January 27, 2025                  Respectfully Submitted,

**s/Reuben S. Kerben, Esq.**
Reuben S. Kerben, Esquire
Kerben Law Firm, P.C.
80-02 Kew Gardens Rd., Ste. 307
Kew Gardens, NY 11415
Tel: (718) 255-8585
Fax: (718) 355-9394

# VII.  <u>ADDENDUM</u>

## <u>STATUTES</u>

**INA § 208, U.S.C. § 1158 (relevant portions)**

(a)Authority to apply for asylum

(1)In general
Any alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title.

…

(b)Conditions for granting asylum
(1)In general
(A)Eligibility
The Secretary of Homeland Security or the Attorney General may grant asylum to an alien who has applied for asylum in accordance with the requirements and procedures established by the Secretary of Homeland Security or the Attorney General under this section if the Secretary of Homeland Security or the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title.

(B)Burden of proof
(i)In general
The burden of proof is on the applicant to establish that the applicant is a refugee, within the meaning of section 1101(a)(42)(A) of this title. To establish that the applicant is a refugee within the meaning of such section, the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.

(ii)Sustaining burden

The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

(iii)Credibility determination
Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.

## INA § 241(b)(3)

(3) Restriction on removal to a country where alien's life or freedom would be threatened

  (A) In general

Notwithstanding paragraphs (1) and (2), the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.

(B) Exception
Subparagraph (A) does not apply to an alien deportable under section 1227(a)(4)(D) of this title or if the Attorney General decides that-

> (i) the alien ordered, incited, assisted, or otherwise participated in the persecution of an individual because of the individual's race, religion, nationality, membership in a particular social group, or political opinion;

> (ii) the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States;

> (iii) there are serious reasons to believe that the alien committed a serious nonpolitical crime outside the United States before the alien arrived in the United States; or

> (iv) there are reasonable grounds to believe that the alien is a danger to the security of the United States.

For purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime. For purposes of clause (iv), an alien who is described in section 1227(a)(4)(B) of this title shall be considered to be an alien with respect to whom there are reasonable grounds for regarding as a danger to the security of the United States.

(C) Sustaining burden of proof; credibility determinations
In determining whether an alien has demonstrated that the alien's life or freedom would be threatened for a reason described in subparagraph (A),

the trier of fact shall determine whether the alien has sustained the alien's burden of proof, and shall make credibility determinations, in the manner described in clauses (ii) and (iii) of section 1158(b)(1)(B) of this title.

**INA § 242(a)(1)**

(1) General orders of removal
Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of title 28, except as provided in subsection (b) and except that the court may not order the taking of additional evidence under section 2347(c) of such title.

**REGULATIONS**

**8 C.F.R. § 1208.16(C)-1208.18**

§ 1208.16 Withholding of removal under section 241(b)(3)(B) of the Act and withholding of removal under the Convention Against Torture.
…
(c) Eligibility for withholding of removal under the Convention Against Torture.

(1) For purposes of regulations under Title II of the Act, "Convention Against Torture" shall refer to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, subject to any reservations, understandings, declarations, and provisos contained in the United States Senate resolution of ratification of the Convention, as implemented by section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998 (Pub. L. 105-277, 112 Stat. 2681, 2681-821). The definition of torture contained in § 1208.18(a) of this part shall govern all decisions made under regulations under Title II of the Act about the applicability of Article 3 of the Convention Against Torture.

(2) The burden of proof is on the applicant for withholding of removal under this paragraph to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of

removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration.

(3) In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered, including, but not limited to:

(i) Evidence of past torture inflicted upon the applicant;

(ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;

(iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and

(iv) Other relevant information regarding conditions in the country of removal.

(4) In considering an application for withholding of removal under the Convention Against Torture, the immigration judge shall first determine whether the alien is more likely than not to be tortured in the country of removal. If the immigration judge determines that the alien is more likely than not to be tortured in the country of removal, the alien is entitled to protection under the Convention Against Torture. Protection under the Convention Against Torture will be granted either in the form of withholding of removal or in the form of deferral of removal. An alien entitled to such protection shall be granted withholding of removal unless the alien is subject to mandatory denial of withholding of removal under paragraphs (d)(2) or (d)(3) of this section. If an alien entitled to such protection is subject to mandatory denial of withholding of removal under paragraphs (d)(2) or (d)(3) of this section, the alien's removal shall be deferred under § 1208.17(a).

(d) Approval or denial of application -

(1) General. Subject to paragraphs (d)(2) and (d)(3) of this section, an application for withholding of deportation or removal to a country of proposed removal shall be granted if the applicant's eligibility for

withholding is established pursuant to paragraphs (b) or (c) of this section.

(2) Mandatory denials. Except as provided in paragraph (d)(3) of this section, an application for withholding of removal under section 241(b)(3) of the Act or under the Convention Against Torture shall be denied if the applicant falls within section 241(b)(3)(B) of the Act or, for applications for withholding of deportation adjudicated in proceedings commenced prior to April 1, 1997, within section 243(h)(2) of the Act as it appeared prior to that date. For purposes of section 241(b)(3)(B)(ii) of the Act, or section 243(h)(2)(B) of the Act as it appeared prior to April 1, 1997, an alien who has been convicted of a particularly serious crime shall be considered to constitute a danger to the community. If the evidence indicates the applicability of one or more of the grounds for denial of withholding enumerated in the Act, the applicant shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.

(3) Exception to the prohibition on withholding of deportation in certain cases. Section 243(h)(3) of the Act, as added by section 413 of Pub. L. 104-132 (110 Stat. 1214), shall apply only to applications adjudicated in proceedings commenced before April 1, 1997, and in which final action had not been taken before April 24, 1996. The discretion permitted by that section to override section 243(h)(2) of the Act shall be exercised only in the case of an applicant convicted of an aggravated felony (or felonies) where he or she was sentenced to an aggregate term of imprisonment of less than 5 years and the immigration judge determines on an individual basis that the crime (or crimes) of which the applicant was convicted does not constitute a particularly serious crime. Nevertheless, it shall be presumed that an alien convicted of an aggravated felony has been convicted of a particularly serious crime. Except in the cases specified in this paragraph, the grounds for denial of withholding of deportation in section 243(h)(2) of the Act as it appeared prior to April 1, 1997, shall be deemed to comply with the Protocol Relating to the Status of Refugees, Jan. 31, 1967, T.I.A.S. No. 6577.

(e) Reconsideration of discretionary denial of asylum. In the event that an applicant is denied asylum solely in the exercise of discretion, and the applicant is subsequently granted withholding of deportation or removal

under this section, thereby effectively precluding admission of the applicant's spouse or minor children following to join him or her, the denial of asylum shall be reconsidered. Factors to be considered will include the reasons for the denial and reasonable alternatives available to the applicant such as reunification with his or her spouse or minor children in a third country.

(f) Removal to third country. Nothing in this section or § 1208.17 shall prevent the Service from removing an alien to a third country other than the country to which removal has been withheld or deferred.

§ 1208.17 Deferral of removal under the Convention Against Torture.

(a) Grant of deferral of removal. An alien who: has been ordered removed; has been found under § 1208.16(c)(3) to be entitled to protection under the Convention Against Torture; and is subject to the provisions for mandatory denial of withholding of removal under § 1208.16(d)(2) or (d)(3), shall be granted deferral of removal to the country where he or she is more likely than not to be tortured.

(b) Notice to alien.

(1) After an immigration judge orders an alien described in paragraph (a) of this section removed, the immigration judge shall inform the alien that his or her removal to the country where he or she is more likely than not to be tortured shall be deferred until such time as the deferral is terminated under this section. The immigration judge shall inform the alien that deferral of removal:

(i) Does not confer upon the alien any lawful or permanent immigration status in the United States;

(ii) Will not necessarily result in the alien being released from the custody of the Service if the alien is subject to such custody;

(iii) Is effective only until terminated; and

(iv) Is subject to review and termination if the immigration judge determines that it is not likely that the alien would be

tortured in the country to which removal has been deferred, or if the alien requests that deferral be terminated.

(2) The immigration judge shall also inform the alien that removal has been deferred only to the country in which it has been determined that the alien is likely to be tortured, and that the alien may be removed at any time to another country where he or she is not likely to be tortured.

(c) Detention of an alien granted deferral of removal under this section. Nothing in this section shall alter the authority of the Service to detain an alien whose removal has been deferred under this section and who is otherwise subject to detention. In the case of such an alien, decisions about the alien's release shall be made according to part 241 of this chapter.

(d) Termination of deferral of removal.

(1) At any time while deferral of removal is in effect, the INS District Counsel for the District with jurisdiction over an alien whose removal has been deferred under paragraph (a) of this section may file a motion with the Immigration Court having administrative control pursuant to § 1003.11 of this chapter to schedule a hearing to consider whether deferral of removal should be terminated. The Service motion shall be granted if it is accompanied by evidence that is relevant to the possibility that the alien would be tortured in the country to which removal has been deferred and that was not presented at the previous hearing. The Service motion shall not be subject to the requirements for reopening in §§ 3.2 and 3.23 of this chapter.

(2) The Immigration Court shall provide notice to the alien and the Service of the time, place, and date of the termination hearing. Such notice shall inform the alien that the alien may supplement the information in his or her initial application for withholding of removal under the Convention Against Torture and shall provide that the alien must submit any such supplemental information within 10 calendar days of service of such notice (or 13 calendar days if service of such notice was by mail). At the expiration of this 10 or 13 day period, the Immigration Court shall forward a copy of the original application, and any supplemental information the alien or the Service has

submitted, to the Department of State, together with notice to the Department of State of the time, place and date of the termination hearing. At its option, the Department of State may provide comments on the case, according to the provisions of § 1208.11 of this part.

(3) The immigration judge shall conduct a hearing and make a de novo determination, based on the record of proceeding and initial application in addition to any new evidence submitted by the Service or the alien, as to whether the alien is more likely than not to be tortured in the country to which removal has been deferred. This determination shall be made under the standards for eligibility set out in § 1208.16(c). The burden is on the alien to establish that it is more likely than not that he or she would be tortured in the country to which removal has been deferred.

(4) If the immigration judge determines that the alien is more likely than not to be tortured in the country to which removal has been deferred, the order of deferral shall remain in place. If the immigration judge determines that the alien has not established that he or she is more likely than not to be tortured in the country to which removal has been deferred, the deferral of removal shall be terminated and the alien may be removed to that country. Appeal of the immigration judge's decision shall lie to the Board.

(e) Termination at the request of the alien.

(1) At any time while deferral of removal is in effect, the alien may make a written request to the Immigration Court having administrative control pursuant to § 1003.11 of this chapter to terminate the deferral order. If satisfied on the basis of the written submission that the alien's request is knowing and voluntary, the immigration judge shall terminate the order of deferral and the alien may be removed.

(2) If necessary the immigration judge may calendar a hearing for the sole purpose of determining whether the alien's request is knowing and voluntary. If the immigration judge determines that the alien's request is knowing and voluntary, the order of deferral shall be terminated. If the immigration judge determines that the alien's

request is not knowing and voluntary, the alien's request shall not serve as the basis for terminating the order of deferral.

(f) Termination pursuant to § 1208.18(c). At any time while deferral of removal is in effect, the Attorney General may determine whether deferral should be terminated based on diplomatic assurances forwarded by the Secretary of State pursuant to the procedures in § 1208.18(c).

§ 1208.18 Implementation of the Convention Against Torture.

(a) Definitions. The definitions in this subsection incorporate the definition of torture contained in Article 1 of the Convention Against Torture, subject to the reservations, understandings, declarations, and provisos contained in the United States Senate resolution of ratification of the Convention.

(1) Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

(2) Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.

(3) Torture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions. Lawful sanctions include judicially imposed sanctions and other enforcement actions authorized by law, including the death penalty, but do not include sanctions that defeat the object and purpose of the Convention Against Torture to prohibit torture.

(4) In order to constitute torture, mental pain or suffering must be prolonged mental harm caused by or resulting from:

      (i) The intentional infliction or threatened infliction of severe physical pain or suffering;

      (ii) The administration or application, or threatened administration or application, of mind altering substances or other procedures calculated to disrupt profoundly the senses or the personality;

      (iii) The threat of imminent death; or

      (iv) The threat that another person will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind altering substances or other procedures calculated to disrupt profoundly the sense or personality.

(5) In order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering. An act that results in unanticipated or unintended severity of pain and suffering is not torture.

(6) In order to constitute torture an act must be directed against a person in the offender's custody or physical control.

(7) Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.

(8) Noncompliance with applicable legal procedural standards does not per se constitute torture.

(b) Applicability of §§ 1208.16(c) and 1208.17(a) -

(1) Aliens in proceedings on or after March 22, 1999. An alien who is in exclusion, deportation, or removal proceedings on or after March 22, 1999 may apply for withholding of removal under § 1208.16(c), and, if applicable, may be considered for deferral of removal under § 1208.17(a).

(2) Aliens who were ordered removed, or whose removal orders became final, before March 22, 1999. An alien under a final order of deportation, exclusion, or removal that became final prior to March 22, 1999 may move to reopen proceedings for the sole purpose of seeking protection under § 1208.16(c). Such motions shall be governed by §§ 1003.23 and 1003.2 of this chapter, except that the time and numerical limitations on motions to reopen shall not apply and the alien shall not be required to demonstrate that the evidence sought to be offered was unavailable and could not have been discovered or presented at the former hearing. The motion to reopen shall not be granted unless:

> (i) The motion is filed within June 21, 1999; and

> (ii) The evidence sought to be offered establishes a prima facie case that the applicant's removal must be withheld or deferred under §§ 1208.16(c) or 1208.17(a).

(3) Aliens who, on March 22, 1999, have requests pending with the Service for protection under Article 3 of the Convention Against Torture.

> (i) Except as otherwise provided, after March 22, 1999, the Service will not:

>> (A) Consider, under its pre-regulatory administrative policy to ensure compliance with the Convention Against Torture, whether Article 3 of that Convention prohibits the removal of an alien to a particular country, or

>> (B) Stay the removal of an alien based on a request filed with the Service for protection under Article 3 of that Convention.

> (ii) For each alien who, on or before March 22, 1999, filed a request with the Service for protection under Article 3 of the Convention Against Torture, and whose request has not been finally decided by the Service, the Service shall provide written notice that, after March 22, 1999, consideration for protection

22

under Article 3 can be obtained only through the provisions of this rule.

(A) The notice shall inform an alien who is under an order of removal issued by EOIR that, in order to seek consideration of a claim under §§ 1208.16(c) or 1208.17(a), such an alien must file a motion to reopen with the immigration court or the Board of Immigration Appeals. This notice shall be accompanied by a stay of removal, effective until 30 days after service of the notice on the alien. A motion to reopen filed under this paragraph for the limited purpose of asserting a claim under §§ 1208.16(c) or 1208.17(a) shall not be subject to the requirements for reopening in §§ 1003.2 and 1003.23 of this chapter. Such a motion shall be granted if it is accompanied by a copy of the notice described in paragraph (b)(3)(ii) or by other convincing evidence that the alien had a request pending with the Service for protection under Article 3 of the Convention Against Torture on March 22, 1999. The filing of such a motion shall extend the stay of removal during the pendency of the adjudication of this motion.

(B) The notice shall inform an alien who is under an administrative order of removal issued by the Service under section 238(b) of the Act or an exclusion, deportation, or removal order reinstated by the Service under section 241(a)(5) of the Act that the alien's claim to withholding of removal under § 1208.16(c) or deferral of removal under § 1208.17(a) will be considered under § 1208.31.

(C) The notice shall inform an alien who is under an administrative order of removal issued by the Service under section 235(c) of the Act that the alien's claim to protection under the Convention Against Torture will be decided by the Service as provided in § 1208.18(d) and 1235.8(b)(4) and will not be considered under the provisions of this part relating to consideration or review

by an immigration judge, the Board of Immigration Appeals, or an asylum officer.

(4) Aliens whose claims to protection under the Convention Against Torture were finally decided by the Service prior to March 22, 1999. Sections 208.16(c) and 208.17 (a) and paragraphs (b)(1) through (b)(3) of this section do not apply to cases in which, prior to March 22, 1999, the Service has made a final administrative determination about the applicability of Article 3 of the Convention Against Torture to the case of an alien who filed a request with the Service for protection under Article 3. If, prior to March 22, 1999, the Service determined that an applicant cannot be removed consistent with the Convention Against Torture, the alien shall be considered to have been granted withholding of removal under § 1208.16(c), unless the alien is subject to mandatory denial of withholding of removal under § 1208.16(d)(2) or (d)(3), in which case the alien will be considered to have been granted deferral of removal under 208.17(a). If, prior to March 22, 1999, the Service determined that an alien can be removed consistent with the Convention Against Torture, the alien will be considered to have been finally denied withholding of removal under § 1208.16(c) and deferral of removal under § 1208.17(a).

(c) Diplomatic assurances against torture obtained by the Secretary of State.

(1) The Secretary of State may forward to the Attorney General assurances that the Secretary has obtained from the government of a specific country that an alien would not be tortured there if the alien were removed to that country.

(2) If the Secretary of State forwards assurances described in paragraph (c)(1) of this section to the Attorney General for consideration by the Attorney General or her delegates under this paragraph, the Attorney General shall determine, in consultation with the Secretary of State, whether the assurances are sufficiently reliable to allow the alien's removal to that country consistent with Article 3 of the Convention Against Torture. The Attorney General's authority under this paragraph may be exercised by the Deputy Attorney General or by the Commissioner, Immigration and Naturalization Service, but may not be further delegated.

(3) Once assurances are provided under paragraph (c)(2) of this section, the alien's claim for protection under the Convention Against Torture shall not be considered further by an immigration judge, the Board of Immigration Appeals, or an asylum officer.

(d) Cases involving aliens ordered removed under section 235(c) of the Act. With respect to an alien terrorist or other alien subject to administrative removal under section 235(c) of the Act who requests protection under Article 3 of the Convention Against Torture, the Service will assess the applicability of Article 3 through the removal process to ensure that a removal order will not be executed under circumstances that would violate the obligations of the United States under Article 3. In such cases, the provisions of Part 208 relating to consideration or review by an immigration judge, the Board of Immigration Appeals, or an asylum officer shall not apply.

(e) Judicial review of claims for protection from removal under Article 3 of the Convention Against Torture.

(1) Pursuant to the provisions of section 2242(d) of the Foreign Affairs Reform and Restructuring Act of 1998, there shall be no judicial appeal or review of any action, decision, or claim raised under the Convention or that section, except as part of the review of a final order of removal pursuant to section 242 of the Act; provided however, that any appeal or petition regarding an action, decision, or claim under the Convention or under section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998 shall not be deemed to include or authorize the consideration of any administrative order or decision, or portion thereof, the appeal or review of which is restricted or prohibited by the Act.

(2) Except as otherwise expressly provided, nothing in this paragraph shall be construed to create a private right of action or to authorize the consideration or issuance of administrative or judicial relief.

**8 C.F.R. §1208.13(b)(1)**

(b) Eligibility. The applicant may qualify as a refugee either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution.

(1) Past persecution. An applicant shall be found to be a refugee on the basis of past persecution if the applicant can establish that he or she has suffered persecution in the past in the applicant's country of nationality or, if stateless, in his or her country of last habitual residence, on account of race, religion, nationality, membership in a particular social group, or political opinion, and is unable or unwilling to return to, or avail himself or herself of the protection of, that country owing to such persecution. An applicant who has been found to have established such past persecution shall also be presumed to have a well-founded fear of persecution on the basis of the original claim. That presumption may be rebutted if an asylum officer or immigration judge makes one of the findings described in paragraph (b)(1)(i) of this section. If the applicant's fear of future persecution is unrelated to the past persecution, the applicant bears the burden of establishing that the fear is well-founded.

(i) Discretionary referral or denial. Except as provided in paragraph (b)(1)(iii) of this section, an asylum officer shall, in the exercise of his or her discretion, refer or deny, or an immigration judge, in the exercise of his or her discretion, shall deny the asylum application of an alien found to be a refugee on the basis of past persecution if any of the following is found by a preponderance of the evidence:

(A) There has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality or, if stateless, in the applicant's country of last habitual residence, on account of race, religion, nationality, membership in a particular social group, or political opinion; or

(B) The applicant could avoid future persecution by relocating to another part of the applicant's country of nationality or, if stateless, another part of the applicant's country of last habitual residence, and under all the circumstances, it would be reasonable to expect the applicant to do so.

26

(ii) Burden of proof. In cases in which an applicant has demonstrated past persecution under paragraph (b)(1) of this section, the Service shall bear the burden of establishing by a preponderance of the evidence the requirements of paragraphs (b)(1)(i)(A) or (B) of this section.

(iii) Grant in the absence of well-founded fear of persecution. An applicant described in paragraph (b)(1)(i) of this section who is not barred from a grant of asylum under paragraph (c) of this section, may be granted asylum, in the exercise of the decision-maker's discretion, if:

> (A) The applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution; or

> (B) The applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country.

(2) Well-founded fear of persecution.

> (i) An applicant has a well-founded fear of persecution if:

>> (A) The applicant has a fear of persecution in his or her country of nationality or, if stateless, in his or her country of last habitual residence, on account of race, religion, nationality, membership in a particular social group, or political opinion;

>> (B) There is a reasonable possibility of suffering such persecution if he or she were to return to that country; and

>> (C) He or she is unable or unwilling to return to, or avail himself or herself of the protection of, that country because of such fear.

> (ii) An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality or, if stateless, another part of the

applicant's country of last habitual residence, if under all the circumstances it would be reasonable to expect the applicant to do so.

(iii) In evaluating whether the applicant has sustained the burden of proving that he or she has a well-founded fear of persecution, the asylum officer or immigration judge shall not require the applicant to provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if:

>（A) The applicant establishes that there is a pattern or practice in his or her country of nationality or, if stateless, in his or her country of last habitual residence, of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion; and

>（B) The applicant establishes his or her own inclusion in, and identification with, such group of persons such that his or her fear of persecution upon return is reasonable.

(3) Reasonableness of internal relocation. For purposes of determinations under paragraphs (b)(1)(i) and (ii) and (b)(2) of this section, adjudicators should consider the totality of the relevant circumstances regarding an applicant's prospects for relocation, including the size of the country of nationality or last habitual residence, the geographic locus of the alleged persecution, the size, numerosity, and reach of the alleged persecutor, and the applicant's demonstrated ability to relocate to the United States in order to apply for asylum.

>(i) In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecution is by a government or is government-sponsored.

>(ii) In cases in which the persecutor is a government or is government-sponsored, it shall be presumed that internal relocation would not be reasonable, unless the Department of Homeland Security establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate.

(iii) Regardless of whether an applicant has established persecution in the past, in cases in which the persecutor is not the government or a government-sponsored actor, or otherwise is a private actor, there shall be a presumption that internal relocation would be reasonable unless the applicant establishes, by a preponderance of the evidence, that it would be unreasonable to relocate.

(iv) For purposes of determinations under paragraphs (b)(3)(ii) and (iii) of this section, persecutors who are private actors—including persecutors who are gang members, officials acting outside their official capacity, family members who are not themselves government officials, or neighbors who are not themselves government officials— shall not be considered to be persecutors who are the government or government-sponsored absent evidence that the government sponsored the persecution.



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*



*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Kerben, Reuben S.**
**Kerben Law Firm P.C.**
**80-02 Kew Gardens Rd  Suite 307**
**Kew Gardens  NY  11415**

**DHS/ICE Office of Chief Counsel – NYB**
**26 Federal Plaza, 11th Floor**
**New York NY 10278**

Name: **DELGADO CORO, JOSE FRANCIS   A 216-986-483**

Riders:  **216-986-484  216-986-485  216-986-486**

Date of this Notice:     5/29/2024

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam:  Docket



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**DELGADO CORO, JOSE FRANCISCO**
**90-46 51ST AVENUE**
**ELMHURST  NY  11373**

**DHS/ICE Office of Chief Counsel – NYB**
**26 Federal Plaza, 11th Floor**
**New York NY 10278**

**Name:** **DELGADO CORO, JOSE FRANCIS**   **A 216-986-483**

**Riders:  216-986-484  216-986-485  216-986-486**

**Date of this Notice:    5/29/2024**

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam:  Docket

31

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Jose Francisco DELGADO CORO, A216-986-483
Maria Luzmila SISA SISA, A216-986-484
Ingrid Lisbeth DELGADO SISA, A216-986-485
Andreus Yoel DELGADO SISA, A216-986-486

Respondents

---

**FILED**
May 29, 2024

---

ON BEHALF OF RESPONDENTS: Reuben S. Kerben, Esquire

IN REMOVAL PROCEEDINGS
On Appeal from a Decision of the Immigration Court, New York, NY

Before: Saenz, Appellate Immigration Judge

SAENZ, Appellate Immigration Judge

ORDER: The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R § 1003.1(e)(4).